UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH MAXEY, JR.,

                 Petitioner,                 DECISION AND ORDER

vs.                                                  17-CV-6425 CJS

STEWART ECKERT,

                 Respondent.

_____

      This matter is before the Court on Petitioner Joseph Maxey's motion for miscellaneous relief [ECF No. 55] and letter motion to stay [ECF # 57], both of which ask this court to stay decision on his petition for habeas relief so that he can file additional motions at the state court level. For the reasons outlined below, Maxey's motions to stay [ECF Nos. 55 and 57] are denied. Respondent is directed to file and serve a response to Maxey's petition, as well as the state record, no later than July 18, 2020. The response shall address not only Maxey's original petition [ECF No. 1], but also the supplemental filings from May 9, 2018 [ECF No. 24] and August 2, 2019 [ECF No. 37], respectively. Maxey's reply, if any, must be filed and served no later than August 19, 2022.

## BACKGROUND

      Petitioner originally filed his petition for habeas relief in this Court in June 2017, along with a request to hold his petition in abeyance until he could exhaust his state court remedies through a N.Y. Crim. Pro. L. § 440.10 motion to vacate his judgment. Pet., 126, June 29, 2017, ECF No. 1. The Court ultimately granted Maxey's motion and stayed the matter until he had exhausted his appeals related to his § 440.10 motion, finding that the issues raised in that motion "touch[ed] upon the crux of" Maxey's federal habeas petition. Dec. and Order, 2,

Oct. 11, 2017, ECF No. 13. In December 2017, Maxey informed the Court that he also had a § 440.20 motion pending before the state trial court, and he was granted another stay in the matter until he had "exhausted [his] § 440.20 motion and any appeals from the decision on that motion." Letter Order, Dec. 18, 2017, ECF No. 17. The Court denied Maxey's motion for a further stay to permit him time to file a motion for a write of error coram nobis. Dec. and Order, Apr. 17, 2018, ECF No. 22.

In October 2018, Maxey filed another motion to stay, this time so that he could "expand the record on Newly Discovery [sic] of Evidence . . . ." Mot. to Stay, Oct. 26, 2018, ECF No. 27. Because Respondents declined to file any opposition, the Court granted Maxey's motion and gave Petitioner until January 25, 2019 to expand the record. Order, Dec. 18, 2018, ECF No. 28. In January 2019, Maxey again sought a stay in the case, Respondents again declined to oppose it, and the Court "continue[d] the stay in this case until resolution of the pending § 440.10 motion, or until June 21, 2019, whichever is earlier." Dec. and Order, Feb. 5, 2019, ECF No. 32. After an additional continuance, the parties consented to lift the stay in July 2021. Text Order, Jul. 8, 2021, ECF No. 43. However, due to the sensitive nature of the sexual assault proceedings against Maxey in the trial court, Respondents have not yet been able to obtain and file the full state record.

## DISCUSSION

Maxey is presently before the Court seeking to stay the matter further so that he can pursue another motion in the state court based upon (a) changes the state legislature made to N.Y. Crim. Pro. L. § 440.10 that took effect in late 2021, and (b) a "defective issue with [his] Indictment." Letter Mot. at ECF No. 57. Respondent maintains that "[n]either of petitioner's present stay motions . . . establishes good cause for another stay in this matter." Resp. in Opp., 2, Jan. 18, 2022, ECF No. 58.

<u>Legal Principles</u>

2

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). However, "[e]ven where stay and abeyance is appropriate [relative to a federal habeas petition], the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in" the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Therefore, a district court should deny a habeas petitioner's motion for a stay to pursue unexhausted state claims unless he can show (1) good cause for his failure to exhaust, (2) that his unexhausted claims are potentially meritorious, and (3) that he did not engage in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

Application

Because Maxey has filed his motions *pro se*, his papers have been "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted). Nevertheless, after a thorough review of the record and the parties' papers, the Court finds that Maxey has failed to demonstrate sufficient grounds for granting a stay at this time.

To begin with, Maxey's two motions provide virtually no detail regarding the legal or factual arguments supporting the new motions he intends to file. Moreover, with respect to Maxey's allusion to recent amendments of N.Y. Crim. Pro. L. § 440.10 to provide the trial court more discretion on "ineffective assistance of counsel" claims, the Court observes that Kates has unsuccessfully raised ineffective assistance of counsel both on direct appeal of his conviction and sentence, and in multiple previous collateral challenges to the judgment. *See, e.g.,* Am. Pet., 12, Aug. 2, 2019, ECF No. 37 (providing a copy of the state trial court's denial of Maxey's third § 440 motion, in which the court stated, "Both prior motions involve, at least in part, a claim of ineffective assistance of counsel. That claim has been denied by the

3

Appellate Division and this Court."). He fails to articulate any reason why his ineffective assistance claims have greater merit now than in his first several attempts to challenge his conviction, all of which were unsuccessful. With respect to the "defective issue" that he has allegedly found in his indictment, Kates fails to show good cause for not identifying and exhausting that issue sooner, as it has been a matter of record from the outset of the criminal proceedings against him.

Accordingly, it is hereby

ORDERED that Petitioner Joseph Maxey's motions to stay [ECF Nos. 55 and 57] are denied; and it is further

ORDERED that Respondent must file and serve a response to Maxey's petition, as well as the state court record, no later than July 18, 2022. The response shall address not only Petitioner's original application [ECF No. 1], but also the supplemental arguments that he appended on May 9, 2018 [ECF No. 24] and August 2, 2019 [ECF No. 37], respectively. And it is further

ORDERED that Maxey's reply, if any, must be filed and served no later than August 19, 2022.

IT IS SO ORDERED.

DATED:   June 16, 2022
         Rochester, New York

                                      _____
                                      CHARLES J. SIRAGUSA
                                      United States District Judge